Richard Hogan, et al., Plaintiffs-Appellants, v. Livingston County Board of School Trustees, Ford County Board of School Trustees, Board of Education of Cullom Community High School District #270, Board of Education of Cullom Community Consolidated School District #441, Board of Education of Kempton-Cabery Community Unit School District #6J, E. Dale Broughton, et al., Defendants-Appellees.

### Gen. No. 11,083.

Fourth District.

October 28, 1969.

Rehearing denied December 1, 1969.

Smith & Gomien, of Pontiac (Walwyn M. Trezise and Roger B. Gomien, of counsel), for appellants.

Martensen and Martensen, and E. H. Flesner, of Paxton (D. E. Martensen, of counsel), and Chester Crabtree, of Pontiac, for appellees.

SMITH, J.

On administrative review, the trial court approved the concurrent action of the Livingston County Board of School Trustees and the Ford County Board of School Trustees in ordering the annexation of all of the territory in Cullom Community High School District and Cullom Community Consolidated School District to Kempton-Cabery Community Unit School District. The appellants are residents of the Cullom School District.

The petition upon which the County Board of Trustees acted was a joint petition by all three Boards of Education affected by the proposed action. It was filed under the provisions of Ill Rev Stats 1967, c 122, § 7–2. This section provides, among other things, that the boundaries of existing school districts lying within two or more counties may be changed by detachment, annexation, division, dissolution or consolidation or any combination thereof by the concurrent action of the County Board of School Trustees. This same section of the statute also provides "Where there is only one school building in an approved operating district, the building and building site may not be included in any detachment proceeding unless petitioned by two-thirds of the eligible voters within the entire district wherein the school is located." The position of the appellants is twofold, i. e., (a) that since there was only one school building in each of the Cullom Districts and the petition was not signed by two-thirds of the eligible voters within each of the districts, there was no jurisdiction in the County Board of Trustees to annex this territory to Kempton-Cabery and (b) the net effect of the annexation was to create an entirely new unit school district and this may be done only under the same statute, § 11–6. Thus, since the action of the school trustees was based upon a petition complying with neither of these sections, there was no jurisdiction to enter the order, and the order is void. The trial court held that § 7–2 applied and that the proviso therein with

reference to one school building is applicable only in those instances in which less than all of the territory of the school district is detached or annexed. Such holding is correct.

The American College Dictionary, 1948, Harper and Brothers, defines the word "detached" as "to unfasten and separate; disengage; disunite" and "detachment" as "condition of being detached." The proviso relating to only one school building is likewise limited to a detachment. Detachment implies that a part is detached from the whole and there is something left. In the order entered in this cause, the Cullom School Districts were completely annexed or absorbed in toto into Kempton-Cabery. There was no detachment in the technical sense of the word. There were in effect and, in fact, neither buildings nor territory left to either of the Cullom Districts. They existed in name only with neither buildings, territory nor students. In addition, the word "entire" suggests that in any detachment the eligible voters within the entire district must vote. This, it seems to us, is a clear implication that not only the voters in the detached area, but the voters in the remaining area should vote. Where there is no remaining area, the word "entire" becomes meaningless.

Section 11–6 of the Code is specific in its requirements and in its terms for the organization of new community unit school districts. In the proceedings which we review, the concurrent action of the County Boards of School Trustees did not create a new community unit district. Kempton-Cabery existed before the action of the Boards and it exists now. The only difference is that its boundaries are now different than they were before. To hold that the change of boundaries by the addition of territory to an existing district creates a new district defies actuality. It is merely the same district with territory added.

171

In their briefs, the parties have discussed the question of jurisdiction, whether or not the existence of one school building in each of the Cullom Districts is properly a part of the record, and whether or not the trial court could take judicial notice of that fact. The trial court's holding that the proviso in § 7–2 did not apply and our holding here that it does not apply where the facts indicate an annexation rather than a detachment makes the discussion of these questions moot.

Accordingly, the judgment of the trial court must be and it is hereby affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.